**BENJAMIN MOTOR EXPRESS, Inc.,**
**Defendant, Appellant,**

v.

**UNITED STATES of America,**
**Plaintiff, Appellee.**

No. 5238.

United States Court of Appeals
First Circuit.

Heard Nov. 4, 1957.

Decided Jan. 29, 1958.

S. Roy Remar, Boston, Mass., with whom Max Singer, Boston, Mass., was on brief, for appellant.

Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., with whom Anthony Julian, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

The defendant-appellant is a common carrier by motor vehicle which in 1944 and 1945 transported ammunition for the United States from its Naval Ammunition Depot in Hingham, Massachusetts, to its Naval Reservation at Price's Neck, Rhode Island. These transportation services were performed under a contract with the United States wherein the carrier agreed that the rates to be applied in computing its compensation were to be:

"Rates as found in tariffs: New England Motor Rate Bureau, Inc., & Middle Atlantic States Motor Carrier Conference, Inc., but not to ex-

ceed the applicable railroad rates for the same quantity between the same points."

The defendant-appellant billed the United States for its services at the motor carrier rate and the United States pursuant to § 322 of the Transportation Act of 1940, 54 Stat. 955, 49 U.S.C.A. § 66, paid the bills on presentation. Later, however, upon audit by the General Accounting Office, it was determined that the substantially lower railroad rate applied and, the carrier disagreeing, the United States brought the instant suit to recover the amount of its alleged overpayments.

The District Court after trial found that although the naval installation on Price's Neck is about five miles by motor vehicle from the railroad freight station in Newport, Rhode Island, nevertheless Price's Neck is within the corporate limits of the City of Newport and is a part of that municipality. Then, construing the word "points" as meaning in transportation parlance the entire geographical area within the corporate limits of a city or town, it ruled that the plaintiff-appellant had agreed, perhaps improvidently, to provide motor carrier service from the Naval Ammunition Depot in Hingham to the Naval Reservation at Price's Neck for the same tariff that the railroad would charge for providing its more limited type of service from Hingham to Newport. Wherefore it entered the judgment for the United States from which the carrier has taken this appeal.

The District Court's opinion reported in 147 F.Supp. 15 (D.C.Mass. 1957) is fully adequate in its statement of the facts and in our view entirely correct in the conclusions drawn therefrom. We have nothing to add to what Judge Ford said except to comment upon the defendant-appellant's contention that it performed extra services, in addition to those indicated on the bills of lading, for which it is entitled to compensation from the United States. We think it clear from United States v. New York, New Haven & Hartford Railroad Co.,

78 S.Ct. 212, that defendant-appellant had the burden of proving the performance of such services. It cannot be said that it sustained this burden merely by presenting evidence that such services were often performed without proving that such services were performed in connection with transportation covered by specific bills of lading at issue in the case, particularly when the bills at issue showed nothing more than transportation from Hingham (in one instance from Cohasset) to Price's Neck.

A judgment will be entered affirming the judgment of the District Court.